IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 8:16CV418 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| UNITED STATES SUPREME COURT, JUSTICE, The Full, Individual and Official capacity, JUDGES IN THE STATE OF NEBRASKA, All, Individual and Official capacity, COUNTY ATTORNEYS IN NEBRASKA, All, Individual and Official capacity, and WARDENS, CORRECTIONS DIRECTORS, Individual and Official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on its own motion. In a memorandum and order entered on September 27, 2016 (Filing No. 7), Plaintiff was granted leave to proceed in forma pauperis. Upon further review, the court finds such memorandum and order was entered in error.

    As stated in the Prison Litigation Reform Act, a prisoner cannot "bring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

The following four cases brought by Plaintiff, while a prisoner, were dismissed as frivolous:

- *Bradley v. Urbom*, No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- Bradley v. The Senate, No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- Bradley v. U.S. District Court, No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- Bradley v. Urbom, No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

Although Plaintiff claims in two "motions to have the case heard" (Filing Nos. 9 and 12) that his life is in danger, no credible facts are alleged to support this claim. Plaintiff alleges that a Nebraska State Penitentiary nurse implanted a device in his body in 1989 which "triggers drives" through his brain, and that Defendants are intent on killing him in order to look at his brain. Plaintiff's allegations are patently frivolous and delusional.

Accordingly, Plaintiff has until January 12, 2016, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the full $350.00 filing fee no later than January 12, 2016. In the absence of good cause shown or the payment of the full filing fee, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS ORDERED:

1. The court's memorandum and order entered on September 27, 2016 (Filing No. 7) is set aside and vacated. The clerk of the court shall notify

    Plaintiff's institution to stop collecting partial filing fee payments and shall remit any funds already collected pursuant to the vacated order.

2. Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 2) is denied.

3. Plaintiff's "motions to have the case heard" (Filing Nos. 9 and 12), treated as supplemental motions for leave to proceed in forma pauperis, are denied.

4. Plaintiff has until January 12, 2016, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the full $350.00 filing fee. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

5. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 12, 2016: Deadline for Plaintiff to show cause or pay full filing fee.

DATED this 15th day of December, 2016.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        Senior United States District Judge